UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HENRY LUWISCH | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| AMERICAN MARINE CORPORATION | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes HENRY LUWISCH, a person of the full age of majority and at all times pertinent hereto a resident of the State of Louisiana, and for his Complaint for Damages, he respectfully avers as follows:

1.

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391 (b) (1).

2.

Made Defendant herein is AMERICAN MARINE CORPORATION, on information and belief a foreign corporation not authorized to do, but doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and at all times pertinent hereto, the employer of HENRY LUWISCH and the owner, owner *pro hac vice*, charterer and/or operator of the M/V AMERICAN CHALLENGER.

3.

HENRY LUWISCH was at all times mentioned herein a seaman and employee of aboard the M/V AMERICAN CHALLENGER performing his duties as an engineer and the Defendant is liable unto him under the admiralty law known as the Merchant Marine Act, modified and

commonly known as the Jones Act, 46 U.S.C. § 30104 and pursuant to the General Maritime Law of the United States of America, and under the laws and statutes of the State of Louisiana.

4.

On or about November 2, 2014, HENRY LUWISCH was working aboard the M/V AMERICAN CHALLENGER while same was located at the Resolve Marine facility at or near Theodore, Alabama. On that date, while performing an inspection of the upper deck area and preparing to repair a wire, HENRY LUWISCH fell approximately 10' down to the next deck after tripping on rope and/or a board that were improperly stowed on the upper deck.

5.

HENRY LUWISCH was in no manner negligent. On information and belief, HENRY LUWISCH alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the negligence and/or failure of the Defendant, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, and the unseaworthiness of the M/V AMERICAN CHALLENGER in the following respects:

1. Failure to provide HENRY LUWISCH with a safe place to work on the M/V AMERICAN CHALLENGER;
2. Negligently placing and storing rope and a board on the top deck level of the M/V AMERICAN CHALLENGER such that it was a hazard in the space where HENRY LUWISCH had to traverse in order to perform the duties of his work;
3. Unseaworthiness due to the creation and maintaining of an unreasonably dangerous and unsafe condition on the M/V AMERICAN CHALLENGER;
4. Other acts of negligence and/or unseaworthy conditions to be established at trial

6.

Solely by reason of the negligence of the Defendant and the specific acts and omissions and unseaworthy conditions described herein, HENRY LUWISCH sustained serious injuries including

but not limited to the following: injury to his right shoulder and arm, neck and head as well as traumatic injury to his mind and body.

7.

As a result thereof, HENRY LUWISCH has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

8.

As a result of the aforesaid negligence on the part of the Defendant herein, HENRY LUWISCH has in the past and will in the future incur a loss of wages and/or earning capacity and employment/fringe benefits as well as past and future physical and mental pain and suffering, past and future loss of enjoyment of life and other damages to be shown at the trial of this matter. Defendants are further liable unto HENRY LUWISCH for legal interest from the date of occurrence, reasonable attorney's fee, and all costs of these proceedings.

9.

Plaintiff repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which Plaintiff received while in the course and scope of his employment aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about November 2, 2014. Pursuant to the General Maritime Laws of the United States of America, Defendant has an absolute and non-delegable duty or obligation to provide Plaintiff with maintenance and cure benefits from the date of his injury until full recovery or maximum medical improvement is reached by Plaintiff.

10.

Thus, the Defendant is indebted unto the Plaintiff for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from November 2, 2014, until such time as he reaches maximum medical improvement, or such amount as Plaintiff proves to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

11.

Defendant has refused to pay maintenance and cure benefits to HENRY LUWISCH. Said refusal was willful, wanton, arbitrary, capricious and/or otherwise without cause; thus, Defendant is additionally liable unto Plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

WHEREFORE, HENRY LUWISCH prays that his Complaint for Damages be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein that there judgment in favor of HENRY LUWISCH, and against the Defendant, AMERICAN MARINE CORPORATION, for damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs and for any and all other relief which the law and justice provide.

Respectfully submitted,

/s/ Kristi A. Post
Lawrence Blake Jones (7495)
Kristi A. Post (17752) – T.A.
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
E-mail: kpost@nola-law.com
*Attorneys for HENRY LUWISCH*

**PLEASE SERVE:**

**AMERICAN MARINE CORPOATION**
**Through its registered agent for service of process:**
**Scott Vuillemot**
**65 North Nimitz Hwy Pier 14**
**Honolulu, Hawaii 96817-5021**