UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| HENRY LUWISCH, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-3241 |
| AMERICAN MARINE CORPORATION, | SECTION: "E" (5) |
| Defendant | |

## ORDER AND REASONS

Plaintiff Henry Luwisch filed a complaint in this Court seeking damages and maintenance and cure benefits for injuries allegedly sustained while working for Defendant American Marine Corporation aboard the M/V AMERICAN CHALLENGER.[1] Defendant filed a motion for partial summary judgment on the issues of Jones Act negligence and unseaworthiness.[2] Plaintiff opposes the motion.[3] Defendant filed a reply memorandum.[4] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

In Luwisch's complaint, he alleges that on November 2, 2014, while performing an inspection of the upper deck of the M/V AMERICAN CHALLENGER, he tripped on an improperly stowed rope and/or board and fell approximately ten feet to the deck below.[5] As a result of the fall, Luwisch alleges he sustained injuries to his right shoulder and arm, neck, and head.[6] Luwisch brings claims of Jones Act negligence, unseaworthiness, and maintenance and cure.[7]

---

[1] R. Doc. 1.
[2] R. Doc. 31.
[3] R. Doc. 34.
[4] R. Doc. 40.
[5] R. Doc. 1 at 2.
[6] R. Doc. 3.
[7] R. Doc. 3-4. Defendant filed a separate motion for partial summary judgment on the issue of Luwisch's claim for maintenance and cure. R. Doc. 13.

1

These are the undisputed facts. Plaintiff Henry Luwisch worked for Defendant American Marine Corporation ("AMC") as a chief engineer, and was assigned to the M/V AMERICAN CHALLENGER, an oceangoing tug.[8] On the morning of November 2, 2014, Luwisch and the other two members of the vessel's crew were preparing to move a 4-inch towing line from the dock to the top deck of the vessel, where another large woven rope and some wooden pallet boards were already being stored.[9] The top deck of the vessel is accessible from the second deck via a rung ladder.[10] The top deck of the vessel has handrails that border the deck, but there is an open space in the handrail at the top of ladder.[11] A safety chain suspends across the ladder access opening.[12]

Before the crew began moving the 4-inch towing line, Luwisch climbed up the ladder to the top deck to make certain there was sufficient room to store the additional line.[13] When Luwisch reached the top deck, he noticed the older rope was stored on the deck in such a way that it presented an obstacle to someone entering or exiting the ladder.[14] Luwisch had to step over the rope to walk on the top deck.[15] After three to five minutes, Luwisch decided to return to the second deck.[16] He walked back to the ladder and unhooked the safety chain, but, before stepping down, he noticed a wire sticking out of a junction box adjacent to the top of the ladder.[17] Luwisch briefly looked at the junction

---

[8] R. Dc. 31-2 at ¶ 1. R. Doc. 34-1 at ¶ 1.
[9] R. Doc. 31-2 at ¶ 3, 10. R. Doc. 34-1 at ¶ 1, 10.
[10] R. Doc. 31-2 at ¶ 8. R. Doc. 34-1 at ¶ 8.
[11] R. Doc. 31-2 at ¶ 9. R. Doc. 34-1 at ¶ 9.
[12] R. Doc. 31-2 at ¶ 9. R. Doc. 34-1 at ¶ 9
[13] R. Doc. 31-2 at ¶ 18. R. Doc. 34-1 at ¶ 18.
[14] R. Doc. 31-2 at ¶ 13. R. Doc. 34-1 at ¶ 13.
[15] R. Doc. 31-2 at ¶ 13. R. Doc. 34-1 at ¶ 13.
[16] R. Doc. 31-2 at ¶ 19; R. Doc. 31-2 at ¶ 19.
[17] R. Doc. 31-2 at ¶ 20. R. Doc. 34-1 at ¶ 20.

box, then turned to face the ladder.[18] He then tripped on the rope and/or boards and fell through the opening at the top of the ladder to the second deck below.[19]

Although the facts regarding the incident are largely undisputed, the parties dispute whether the manner in which the rope and/or boards was stored on the top deck of the vessel constituted negligence, or whether the manner of storage rendered the M/V AMERICAN CHALLENGER unseaworthy.

On May 15, 2018, AMC filed its motion for partial summary judgment.[20] With regard to Luwisch's negligence claim, AMC contends that Luwisch is the sole cause of his own injuries, because "plaintiff could have exercised his unmitigated authority to stop the job until the ropes and/or equipment on the top deck were moved to eliminate any possible hazards."[21] AMC also contends the rope and boards were an open and obvious condition of the vessel, relieving it of liability. As to Luwisch's unseaworthiness claim, AMC asserts Luwisch has submitted no evidence to suggest the storage of the rope constituted an unseaworthy condition.[22] Luwisch timely filed his opposition on May 22, 2018.[23]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] "An issue is material if its resolution could affect the outcome of the action."[25]

---

[18] R. Doc. 31-2 at ¶ 22. R. Doc. 34-1 at ¶ 22.
[19] R. Doc. 31-2 at ¶ 22. R. Doc. 34-1 at ¶ 22.
[20] R. Doc. 31.
[21] R. Doc. 31 at 31.
[22] *Id.* at 14.
[23] R. Doc. 34.
[24] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[25] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[26] All reasonable inferences are drawn in favor of the nonmoving party.[27] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[28]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[29] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[30]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[31] When proceeding under the first option, if the

---

[26] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[27] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[28] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[29] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[30] *Celotex*, 477 U.S. at 322–24.
[31] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[32] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[33] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[34] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[35] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[36]

---

element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[32] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[33] *Celotex*, 477 U.S. at 332–33.
[34] *Id.*
[35] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[36] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[37]

## LAW AND ANALYSIS

The Jones Act provides a seaman with a cause of action against his employer for injuries sustained as a result of his employer's negligence.[38] A seaman may recover damages under the Jones Act if his employer's negligence was the legal cause, in whole or in part, of his injury.[39] At trial, Luwisch must establish that AMC had a duty to provide him a reasonably safe place to work, AMC breached that duty, and AMC's negligence caused his injuries. Luwisch bears a "featherweight" burden of proof to establish causation for a Jones Act negligence claim and need only show that his employer contributed to his injuries "in the slightest degree."[40]

Independent from a Jones Act claim, a seaman may claim his injuries were caused by the unseaworthiness of a vessel under general maritime law. A vessel is deemed unseaworthy if a condition of the vessel presents an unreasonable risk of harm to the seaman.[41] The two elements of an unseaworthiness claim are: (1) the vessel or the vessel's equipment was not "reasonably suited for the purpose or use for which they were intended," and (2) the "unseaworthy condition played a substantial part in bringing about

---

[37] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[38] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).
[39] *Id.*
[40] *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992).
[41] *Park v. Stockhill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007).

6

or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[42] A vessel owner's duty to prevent unseaworthy conditions is absolute, continuing, and nondelegable, and lack of knowledge or of opportunity to correct such conditions does not mitigate the owner's duty.[43] At trial, Luwisch will bear the burden of proving: (1) the unseaworthy condition existed, and (2) the unseaworthy condition of the M/V AMERICAN CHALLENGER was the proximate cause of his injuries.

AMC argues it is entitled to judgment as a matter of law on Luwisch's Jones Act negligence claim and his unseaworthiness claim.[44] Rule 56 states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[45] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[46] All reasonable inferences are drawn in favor of the non-moving party.[47] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[48] As the Fifth Circuit has explained:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct

---

[42] *Johnson v. Offshore Exp., Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988). This is a "proximate cause" standard. *Id.*
[43] *Allen v. Seacoast Products, Inc.*, 623 F.2d 355 (5th Cir. 1980).
[44] The Court notes that the cases upon which AMC relies do not address negligence or unseaworthiness claims at summary judgment. *See, e.g., Gavagan v. United States*, 955 F.2d 1016 (5th Cir. 1992); *Jackson v. OMI Corp.*, 2465 F.3d 525 (5th Cir. 2001); *Muhammad v. Diamond Offshore Co.*, 2002-0172 (La. App. 3 Cir. 7/10/02), 822 So. 2d 869.
[45] FED. R. CIV. P. 56(a).
[46] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.* Co., 530 F.3d 395, 398 (5th Cir.2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150–51 (2000).
[47] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).
[48] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir. 1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir. 1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).

in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[49]

Thus, a court will grant summary judgment in a negligence case only in "rare circumstances."[50]

This reasoning is particularly applicable to Jones Act cases. "Because of the policy of providing an expansive remedy for seamen, submission of Jones Act claims to a [factfinder] requires a very low evidentiary threshold; even marginal claims are properly left for [factfinder] determination."[51] "Summary judgment is rarely granted in maritime negligence cases because the issue of whether a defendant acted reasonably is ordinarily a question for the trier of fact."[52]

In this case, the summary judgment record suggests a factfinder could reasonably find that AMC was negligent, and that AMC's negligent actions or inactions contributed to Luwisch's injuries "in the slightest degree."[53] In his deposition, Luwisch testified that the rope was a tripping danger: "it's not supposed to be in the walkway, that's for sure . . . it is definitely a big hazard in front of a walkway."[54] The photographs attached to AMC's motion corroborated Luwisch's account, clearly showing that the rope obstructed the path from the ladder to the top deck.[55] AMC seems to concede this point its discussion of the

---

[49] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[50] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); *see also Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[51] *Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978) (citing *Barrios v. La. Construction Materials Co.*, 465 F.2d 1157, 1162 (5th Cir. 1972)).
[52] *Schoenfeldt v. Schoenfeldt*, No. 13-5468, 2014 WL 1910808, at *3 (W.D. Wash. May 13, 2014) (citing *Christensen v. Georgia–Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002)).
[53] *Gavagan*, 955 F.2d at 1019.
[54] R. Doc. 31-3 at 16.
[55] R. Doc. 31 at 4.

"open and obvious" condition of the rope, asserting, "climbing on [the] top deck and immediately noticing rope in the walkway of the deck was on obvious hazard even to an ordinary layman."[56] Based on the record, the Court finds a reasonable factfinder could infer that the placement of the rope and/or boards on the top deck was negligent, and that this placement caused Luwisch to trip and fall to the second deck of the vessel.[57] Further, much of AMC's argument relies on the proposition that Luwisch was primarily at fault for his own injuries.[58] Like negligence generally, determinations of comparative fault are better left to the factfinder at trial.[59]

With respect to Luwisch's unseaworthiness claim, the parties agree that the rope was stored on the top deck in a manner that created a tripping hazard. However, it is disputed whether storing the rope and/or boards in this manner made the M/V AMERICAN CHALLENGER unfit for the vessels' intended purpose. Courts have found that improperly wound or stored rope may constitute an unseaworthy condition.[60] This inquiry is fact intensive and requires the jury to balance many factors—for example, how long the rope had been stored in this manner, and whether access to the top deck was necessary for operating the ship in accordance with its intended use. Further, should the jury find the failure to properly store the rope and/or boards was unreasonable, the jury must then determine whether the improper storage of the rope and/or boards "played a

---

[56] R. Doc. 31 at 13. The Court notes that Defendant's argument that the condition of the rope was "open and obvious" is unavailing, as Plaintiff's negligence claim is not based on a failure-to-warn theory. *Cf. Patterson v. Allseas USA, Inc.*, 2005 WL 1350594 (5th Cir. 2005).
[57] *See Leonard*, 581 F.2d at 524.
[58] Comparative fault is applicable to Jones Act negligence cases. *See Gautreaux*, 107 F.3d at 339.
[59] *See Mott v. Pearl River Navigation*, 2004 WL 1615593 (E.D. La. July 16, 2004) ("Even if all of the defendant's assertions are accepted they do not provide a basis for summary judgment, but instead are arguments to the finder of fact for the assessment of comparative fault.").
[60] *See, e.g., Turner v. Niagara Frontier Transp. Auth.*, 748 F. Supp. 80, 84 (W.D.N.Y. 1990) ("In the present case, the alleged circumstances of unseaworthiness—improperly coiled rope, unguarded open hatch, lack of lighting—were not one-time acts of a negligent employee, but conditions of the ship").

substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[61] "[C]ausation under this definition is still a fact-intensive inquiry, and summary judgment is similarly inappropriate at this time."[62]

Accordingly;

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant American Marine Corporation's motion for partial summary judgment on the issues of Jones Act negligence and unseaworthiness[63] is hereby **DENIED**.

**New Orleans, Louisiana, this 18th day of June, 2018.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[61] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). This is a "proximate cause" standard. *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042–44 (5th Cir. 1982).
[62] *In re Crewboats, Inc.*, 2003 WL 21018858, at *2.
[63] R. Doc. 31.