# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY LUWISCH,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 17-3241** |
| | |
| **AMERICAN MARINE CORPORATION,** | **SECTION: "E" (5)** |
| **Defendant** | |

## ORDER AND REASONS

Plaintiff Henry Luwisch filed a complaint in this Court seeking damages and maintenance and cure benefits for injuries allegedly sustained while working for Defendant American Marine Corporation aboard the M/V AMERICAN CHALLENGER.[1] In this motion,[2] Defendant seeks partial summary judgment that Plaintiff is not entitled to maintenance and cure benefits pursuant to *McCorpen v. Central Gulf Steamship Corporation*.[3] This matter is set for a bench trial on July 23, 2018.

## LAW AND ANALYSIS

An employer's duty to provide maintenance and cure to a seaman injured in the service of a vessel is "practically absolute."[4] Consequently, a seaman's burden of proof for a maintenance and cure claim is "slight," and he need only establish that he was injured "while subject to the call of duty as a seaman."[5] At the same time, an employer is entitled to investigate a seaman's claim for maintenance and cure, and rely on certain defenses to

---

[1] R. Doc. 1.

[2] R. Doc. 13.

[3] 396 F.2d 547 (5th Cir. 1968). The motion is opposed. R. Doc. 18. Defendant filed a reply memorandum. R. Doc. 22. On order of the Court, the parties filed supplemental memoranda. R. Docs. 47, 55.

[4] *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 726 (E.D. La. 2009) (Vance, J.).

[5] *Johnson*, 599 F. Supp. 2d at 725 (citing *Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 732 (1943); 1 Schoenbaum, Admiralty and Maritime Law, § 6-28; Fifth Circuit Pattern Jury Instructions: Civil § 4.11 (2006 ed.)).

deny benefits when appropriate.[6] One such defense is the *McCorpen* defense, which precludes a seaman's recovery of maintenance and cure when he intentionally conceals a pre-existing medical condition from his employer.[7]

To prevail on a *McCorpen* defense, an employer must prove three elements:

(1)     the seaman intentionally misrepresented or concealed medical facts;

(2)     the non-disclosed facts were material to the employer's decision to hire the seaman; and

(3)     a connection exists between the withheld information and the injury complained of in the lawsuit.[8]

Because the employer bears the burden of proving each prong of this affirmative defense at trial, the burden on the employer at the summary judgment stage is to demonstrate a lack of disputed issues of material fact with respect to each prong.[9] A triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries.[10]

AMC asserts it would not have employed Luwisch if his diagnosis of degenerative disc disease had been disclosed prior to his hiring. AMC offers as evidence a sworn declaration by Robert Shahnazarian, President of AMC, in which he states Luwisch "would not have been offered employment as Chief Engineer" if he had disclosed his medical history and physical condition during his pre-employment interview. [11]

---

[6] *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (en banc).

[7] *Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-50).

[8] *Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-49).

[9] *See Brown*, 410 F.3d at 171-78.

[10] *Jauch v. Nautical Serv., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).

[11] R. Doc. 13-8 at 3.

AMC stated in its supplemental memorandum that AMC typically requires candidates to complete an application packet that contains a health questionnaire.[12] This questionnaire includes detailed questions such as:

> Have you ever been injured in a motor vehicle accident? If yes, specify when and explain circumstances.

> Do you have any problem that would restrict or make more difficult repetitive lifting or any other heavy physical labor? If yes, explain in detail.

> Have you ever had or do you have any of the following:
> Shooting pains
> Tingling/numbness of any part of body
> Head injury
> Herniated or ruptured disc
> Any neck problems[13]

According to AMC, Luwisch was sent this package, but only returned the first few pages of the hiring packet, and did not fill out the health assessment.[14] Nevertheless, Luwisch was hired by AMC. Shahnazarian testified that "if he filled out our application, and told us—disclosed his condition, he wouldn't have been hired . . . we would be concerned whether he could [do] his job."[15]

The Court finds that a triable issue of fact exists as to whether the undisclosed information was material to AMC's decision to hire Luwisch. It is well-established that "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purposes of this analysis." [16] In this case, however, the summary judgment record shows that AMC never specifically asked Luwisch

---

[12] R. Doc. 47 at 9.
[13] R. Doc. 47-2 at 33-36.
[14] R. Doc. 47 at 2.
[15] R. Doc. 47-1 at 41.
[16] *Brown*, 410 F.3d at 175.

about his neck or cervical spine. Shahnazarian testified that he did not question him at all about his medical history during their telephone interview.[17] And although Luwisch was required to submit to a pre-employment physical, the medical form Luwisch filled out during his physical at Boones Creek Medical did not specifically elicit information about medical issues related to his neck or spine.[18]

With regard to the pages of the hiring packet relating to health issues, the Court finds it significant that AMC hired Luwisch without having obtained the complete packet. As noted above, the Fifth Circuit often relies on the fact that an employer asked a specific question in determining whether a medical omission is material.[19] However, this proposition assumes a connection between the specific medical question being asked and the employer's decision to hire. That is, when the employer asks a specific medical question prior to hiring, the employer presumably bases the decision to hire on the applicant's answer.[20] In this case, however, AMC never received Luwisch's answers to the health assessment, and so AMC could not have relied on the answers to the assessment in hiring Luwisch. To the contrary, if the answers to the health assessment were material to AMC's hiring decision, presumably AMC would have delayed Luwisch's employment until the complete hiring packet was obtained.

AMC has submitted no evidence, other than the declaration and deposition of its president, to prove Luwisch would not have been hired if AMC had known of his degenerative disc disease. For example, AMC has not submitted its official human

---

[17] R. Doc. 47-1 at 28.
[18] R. Doc. 13-7 at 4.
[19] *See Brown*, 410 F.d at 175 ("Parker Drilling based its hiring decision (at least, in part) upon whether applicants had "Past or Present Back and Neck Trouble").
[20] *See Thomas v. Hercules Offshore Services, L.L.C.*, 713 Fed. App'x 382 (5th Cir. 2018); *Ladnier v. REC Marine Logistics, L.L.C.*, 2015 WL 3824382 (E.D. La. June 19, 2015).

resources documentation explaining hiring practices with regard to applicants with pre-existing conditions,[21] and AMC has not presented deposition testimony of any medical professionals opining they would not have cleared Luwisch for work if they had known of his condition. At the summary judgment stage, the employer has the burden of demonstrating a lack of disputed issues of material fact with respect to each of the three prongs of the *McCorpen* defense.[22] AMC has not met its burden, and the Court finds a genuine issue of fact exists as to whether Luwisch's condition would have been material to Defendant's hiring decision.

The employer has the burden of establishing all three prongs to prevail on a *McCorpen* defense. Because a genuine issue of fact exists with respect to the "materiality" prong, Defendant is not entitled to summary judgment at this time.[23]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendant's motion for partial summary judgment is hereby **DENIED**. The Court will defer ruling on Defendant's *McCorpen* defense until the close of trial.

**New Orleans, Louisiana, this 24th day of June, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[21] *See Wheeler v. Transocean Offshore, USA, Inc.*, 2017 WL 44024233 (E.D. La. 2017); *Dauzat v. Weeks Marine, Inc.*, 2016 WL 3167662 (E.D. La. June 7, 2016).
[22] *See Brown*, 410 F.3d at 171-78.
[23] *Id.* at *4.