UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY LUWISCH,** *Plaintiff* | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3241** |
| **AMERICAN MARINE CORPORATION,** *Defendant* | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the court is a motion for new trial or for alteration or amendment of judgment, filed by Defendant American Marine Corporation ("AMC").[1] Plaintiff Henry Luwisch opposes the motion.[2] For the following reasons, the Court **DENIES** the motion.

## BACKGROUND

Luwisch was employed by AMC on board the M/V American Challenger.[3] On November 2, 2014, while turning to descend a ladder to a lower deck, he tripped over some rope and fell nearly 10 feet to the lower deck.[4] He brought suit against AMC, seeking damages for negligence under the Jones Act and for unseaworthiness and maintenance and cure under general maritime law.[5] The matter was tried before the Court, sitting without a jury.[6]

On March 31, 2019, the Court issued its Findings of Fact and Conclusions of Law.[7] The Court found AMC was entitled to prevail on the *McCorpen* defense because Plaintiff

---

[1] R. Doc. 96.
[2] R. Doc. 97.
[3] R. Doc. 91 at 5.
[4] *Id.* at 6–7.
[5] *Id.* at 1.
[6] *Id.*
[7] *Id.*

1

intentionally misrepresented or concealed material medical facts or conditions in connection with his application for employment.[8] As a result, the Court found Luwisch was not entitled to maintenance and cure.[9] The Court found AMC was liable to Luwisch for Jones Act negligence and unseaworthiness.[10] The Court awarded Luwisch damages for past medical expenses, past wage loss, loss of future earning capacity, loss of future fringe benefits, loss of past and future retirement contributions, past pain and suffering, and future pain and suffering.[11] The Court found Luwisch's damages totaled $1,084,186.00.[12] The Court found Luwisch was contributorily negligent and reduced his award by 20%, for a total of $867,348.80.[13] At issue in this motion is the Court's award of damages for past medical expenses, which totaled $17,489.00 before the application of the 20% reduction.[14]

On April 26, 2019, AMC filed the instant motion.[15] AMC argues that, because the Court found AMC was entitled to prevail on the *McCorpen* defense, it cannot be responsible for Luwisch's past medical expenses.[16] AMC also argues it cannot be liable for past medical expenses because the medical costs were either "paid by [Luwisch's] attorney without the knowledge of [AMC] or remain outstanding," and AMC cannot be liable for "medical expenses gratuitously paid by others."[17] Plaintiff opposes.[18]

---

[8] *Id.* at 20–22.
[9] *Id.* at 22.
[10] *Id.* at 22–26.
[11] *Id.* at 27–28.
[12] *Id.* at 28.
[13] *Id.*
[14] *Id.* at 27–28.
[15] R. Doc. 96.
[16] R. Doc. 96-1 at 1.
[17] *Id.* at 1–2.
[18] R. Doc. 97.

## LAW AND ANALYSIS

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, the Court may order a new nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[19] Rule 59(a) provides that the Court may also, "on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."[20] "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons."[21]

### I. The Court's award of damages for past medical expenses was not an award for maintenance and cure.

AMC argues that, because it prevailed on its *McCorpen* defense, it is not responsible for paying "any of plaintiff's medical costs."[22]

"[T]he *McCorpen* rule is not applicable to a Jones Act negligence claim."[23] In *Jauch v. Nautical Servs., Inc.*, the Fifth Circuit held, "the district court's denial of [the plaintiff]'s claim for maintenance and cure had no legal effect on his entitlement to recover Jones Act damages for his past medical expenses."[24]

In its Findings of Fact and Conclusions of Law, the Court found Luwisch is not entitled to maintenance and cure, but is entitled to damages for Jones Act negligence and unseaworthiness.[25] The Court's award of damages for past medical expenses was based on Luwisch's Jones Act negligence and unseaworthiness claims, not his claim for

---

[19] FED. R. CIV. P. 59(a)(1)(B).
[20] FED. R. CIV. P. 59(a)(2).
[21] 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2804 (3d ed. 2013); *accord Theriot v. Parish of Jefferson*, 966 F. Supp. 1435, 1452 (E.D. La. 1997).
[22] R. Doc. 96-1 at 1.
[23] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008).
[24] 470 F.3d 207, 214 (5th Cir. 2006).
[25] R. Doc. 91 at 22–26.

maintenance and cure.[26] The Court's finding that Luwisch was not entitled to maintenance and cure because of the *McCorpen* defense has no effect on the award of past medical expenses. AMC has failed to show a manifest error of law or mistake of fact in the Court's determination that Luwisch is entitled to past medical expenses.[27]

## II. To the extent Luwisch's medical costs are paid by his counsel, they are a collateral source that does not reduce the damages award.

AMC argues that, because the medical costs were either paid by Luwisch's attorneys or remain outstanding, AMC cannot be liable for them.[28] Luwisch responds that, under the collateral source rule, the damages award cannot be reduced because he received compensation from independent sources.[29]

"The collateral source rule is 'plainly applicable in Jones Act negligence cases.'"[30] The Fifth Circuit has explained the rule as follows:

> The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor. . . . Sources of compensation that have no connection to the tortfeasor are inevitably collateral.[31]

---

[26] *Id.* at 26.
[27] AMC complains that it paid $24,926.00 in maintenance and cure before the trial, but admits it cannot recover that amount. R. Doc. 96-1 at 2. AMC is correct that it cannot recover previously paid maintenance and cure. *See Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013).
    If the previously paid maintenance and cure were for the same medical expenses for which damages were awarded, the damages award would be reduced by the amount of maintenance and cure already paid. *See id.* at 727 ("[A]n employer may offset any Jones Act damages recovered by the seaman to the extent they duplicate maintenance and cure previously paid."). This is not the case here. The $24,926.00 to which AMC refers was for medical expenses different from the ones awarded after trial. *See* R. Doc. 96-2. The past medical expenses the Court awarded were not previously paid by AMC.
[28] R. Doc. 96-1 at 1–2.
[29] R. Doc. 97 at 2–4.
[30] *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994) (citing *Phillips v. Western Co. of North America,* 953 F.2d 923, 930 (5th Cir. 1992)).
    The collateral source rule does not apply to maintenance and cure payments. *See Johnson v. United States*, 333 U.S. 46, 50 (1948) (finding maintenance and cure not warranted because plaintiff "incurred no expense or liability for his care and support at the home of his parents."); *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 588 (5th Cir. 2001); *Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir. 1962) ("[O]ne who has not paid his own expenses . . . cannot recover maintenance and cure from the ship owner."). The Court has explained that it did not award Luwisch maintenance and cure.
[31] *Davis*, 18 F.3d at 1243–44 (citing *Phillips*, 953 F.2d at 929, 931).

"In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. If not, the income is considered independent of (or collateral to) the tortfeasor, and the tortfeasor may not reduce its damages by that amount."[32] The Fifth Circuit has explained that the rule reflects a policy determination that "better a potential windfall for the injured plaintiff than the liable tortfeasor."[33]

In this case, AMC does not allege it contributed to or was otherwise responsible for any of the past medical payments for which the Court awarded damages. In fact, AMC states the medical expenses were "paid by [Luwisch]'s attorney without the knowledge of" AMC.[34] Any payments made by Luwisch's counsel or any other third party for Luwisch's medical payments are independent of, or collateral to AMC. Under the collateral source rule, AMC is not entitled to a reduction in its damages. AMC has failed to show a manifest error of law or mistake of fact in the Court's determination of the quantum of damages for Luwisch's past medical expenses.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for new trial or for alteration or amendment of judgment, filed by Defendant American Marine Corporation, be and hereby is **DENIED**.[35]

**New Orleans, Louisiana, this 16th day of May, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358–59 (5th Cir. 2016) (citations and internal quotation marks omitted).
[33] *Id.*
[34] R. Doc. 96-1 at 1.
[35] R. Doc. 96.