AO 133   (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| HENRY LUWISCH | ) | |
| | ) | |
| v. | ) | Case No.:  17-3241 |
| AMERICAN MARINE CORPORATION | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____04/01/2019_____ against ___American Marine Corporation___ ,
                                                                                    Date

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 400.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | | 696.55 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 428.69 | ~~429.12~~ |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 4,803.32 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | | 0.00 |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| | TOTAL  $ | 6,328.56 ~~6,328.99~~ |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

| **Declaration** |
|---|

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

[✔] Electronic service          [ ] First class mail, postage prepaid

[ ] Other:  _____

s/ Attorney:    ___Kristi A. Post_____

Name of Attorney: _Kristi A. Post_____

For:  _____Henry Luwisch_____   Date:  ___05/06/2019___
            *Name of Claiming Party*

| **Taxation of Costs** |
|---|

Costs are taxed in the amount of _____$6,328.56_____ and included in the judgment.

___William W. Blevins___   By:  _Carol L. Michel_   June 7, 2019
*Clerk of Court*          *Chief Deputy Clerk*          *Date*

# UNITED STATES DISTRICT COURT

| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | |
|---|---|---|---|---|---|---|---|
| **Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)** | | | | | | | |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | Total Cost Each Witness |
| G. Randolph Rice<br>Baton Rouge, LA | 1 | 40.00 | | | 158 | 86.22 | $126.22 |
| Dr. Troy Beaucoudray<br>Metairie, LA | 1 | 40.00 | | | 15 | 8.17 | $48.17 |
| Glenn Hebert<br>Lafayette, LA | 1 | 40.00 | | | 304 | 165.90 | $205.90 |
| Dr. William Alden<br>Marrero, LA | 1 | 40.00 | | | 16 | 8.83 | $48.83 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | **TOTAL** | $429.12 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY LUWISCH                                                CIVIL ACTION

versus                                                       No.     17-3241

AMERICAN MARINE CORPORATION                                  SECTION: E/5

## REASONS FOR TAXATION OF COSTS

This matter is before the clerk for taxation of costs in favor of plaintiff, Henry Luwisch

("Luwisch"), and against defendant, American Marine Corporation ("AMC").

### Brief History of the Case

Plaintiff Henry Luwisch filed a complaint against his employer, American Marine

Corporation pursuant to the Jones Act, 46 U.S.C. § 30104, alleging that the M/V AMERICAN

CHALLENGER was unseaworthy as a result of AMC's negligence, that this unseaworthiness

created an unsafe work environment, and that this unsafe work environment caused Luwisch to

trip and fall ten feet, sustaining mental and physical injuries.   (Doc. 1).   Bench trial took place

from July 23, 2018 to July 25, 2018, after which the parties were ordered to submit post-trial

briefs.   (Docs. 81-83).   The Court entered Judgment in favor of Luwisch on March 31, 2019,

awarding damages in the amount of $867,348.80 plus interest.   (Doc. 92).

Luwisch filed a motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d)

against AMC (Doc. 99), which AMC opposed.   (Doc. 102).   Luwisch responded to AMC's

opposition.   (Doc. 103).

### Authority to Tax Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal

statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should

be allowed to the prevailing party."   Fed. R. Civ. P. 54(d).   Although the district court has wide

discretion in determining whether to award costs, there is a "strong presumption" in favor of awarding costs to the prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (internal citations omitted). When denying costs to the prevailing party, the district court must state its reasons. *Id.* (*quoting Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)). Only those costs enumerated in 28 U.S.C. § 1920 may be taxed "absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. New Eng. PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (*quoting Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) and *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). "A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "If the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case." *Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, 2009 WL 1457632, at *3 (S.D. Tex. May 26, 2009) (internal citations omitted).

## Specific Cost Requests and Related Objections

### *Fees of the Clerk*

Luwisch requests $400 in fees of the clerk for the cost of filing his complaint. AMC does

2

not oppose this cost, which is taxable pursuant to 28 U.S.C. § 1920(1).

*Fees for Transcripts*

Luwisch seeks $696.55 incurred obtaining Dr. Bradley Bartholomew's deposition transcript.   "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920(2).   As the Fifth Circuit reiterated in *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278 (5th Cir. 1991):

> [W]e have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case."   If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.   Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.

*Id.* at 285 (internal citations omitted).   Regardless of the type of transcript, only those charges attributable to the transcript itself are recoverable.   The Fifth Circuit in *GSDMidea City, L.L.C.* clarified that "incidental costs like [expediting,] shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920."   807 F.3d 125, 133 (5th Cir. 2015) (other citations omitted).

AMC opposes taxation of the total amount requested for Dr. Bartholomew's original transcript, arguing that transcript costs should be limited to $366.75, the amount AMC paid for a copy of the transcript.   An original transcript is more expensive than a transcript copy; therefore, Luwisch's transcript costs will not be reduced based on the amount AMC paid.   AMC also argues that incidental costs associated with Dr. Bartholomew's transcript should not be taxed. The supporting documentation for this cost does not show Luwisch incurred incidental transcript costs and AMC has provided no proof of such costs.   Accordingly, transcript costs totaling $696.55 shall be taxed in favor

3

of Luwisch pursuant to 28 U.S.C. § 1920(2).

*Fees for Witnesses*

Luwisch seeks witness fees in the amount of $429.12.   Witness fees are taxable pursuant to 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821.   A prevailing party is entitled to $40 per day per witness, plus mileage and travel expenses for witnesses "in attendance at any court . . . or before any person authorized to take his deposition[.]"   28 U.S.C. § 1821.   Mileage fees for witnesses traveling by privately owned vehicle are calculated at the rate prescribed by the Administrator of General Services for official travel of federal employees.   At the time of trial, this rate was .545 per mile.   *POV Mileage Rates (Archived)*, http://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-rates/pov-mileage-rates-archived (last visited May 22, 2019).

AMC opposes Luwisch's request for witness fees, correctly stating that the mileage amounts requested are incorrect based on the .545 per mile rate in effect at the time of trial. Witness mileage fees shall be taxed at the rate in effect at the time of trial.   AMC does not oppose daily attendance fees, which are taxable pursuant to § 1920(3) and § 1821.

After reviewing the bill of costs, the parties' arguments, the record, and the applicable law, witness fees in the amount of $428.69 shall be taxed pursuant to 28 U.S.C. § 1920(3), as indicated in the following chart:

| WITNESS | TAXABLE AMOUNT |
|---|---|
| G. Randolph Rice | $126.11 |
| Dr. Troy Beaucoudray | 48.18 |
| Glenn Hebert | 205.68 |
| Dr. William Alden | 48.72 |
| **TOTAL** | **$428.69** |

4

*Fees for Exemplification and the Cost of Making Copies*

Plaintiff Luwisch requests $4,803.32 for costs incurred creating bench books.   AMC does not oppose this amount, which is supported by documentation and taxable pursuant to 28 U.S.C. § 1920(4) as "[f]ees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case."

## Conclusion

Accordingly, for the foregoing reasons, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the following costs will be taxed in favor of the plaintiff, Henry Luwisch, and against the defendant, American Marine Corporation, and included in the judgment:

| | |
|---|---:|
| Fees of the Clerk | $   400.00 |
| Fees for Transcripts | 696.55 |
| Fees for Witnesses | 428.69 |
| Fees for Copying and Exemplification | 4,803.32 |
| **TOTAL** | **$6,328.56** |

New Orleans, Louisiana, this __7th__ day of June, 2019.

*Carol L. Michel*
_____
CAROL L. MICHEL, Chief Deputy Clerk
On behalf of WILLIAM W. BLEVINS, Clerk of
Court

5